**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CATHERINE J. WOODRUFF, | ) | CASE NO. 1:12CV1752 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | **REPORT AND** |
| Defendant. | ) | **RECOMMENDATION** |

On August 4, 2016, Kirk Roose ("Counsel"), counsel for Plaintiff Catherine J. Woodruff ("Plaintiff"), filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) in the total amount of $9,897.75. (Doc. No. 25.) The Acting Commissioner of Social Security ("Commissioner") filed a response indicating she does not oppose the motion. (Doc. No. 31). On September 6, 2016, Plaintiff's Motion was referred to the undersigned for a Report & Recommendation. (Doc. No. 30.)

For the reasons set forth below, it is recommended that Plaintiff's Counsel's Motion be GRANTED. It is further recommended, however, that Counsel be directed to refund amounts previously awarded in this case under the EAJA to Plaintiff.

**I. Procedural History**

On July 9, 2012, Plaintiff filed a Complaint in this Court, challenging the Commissioner's denial of social security disability benefits. (Doc. No. 1.) After the Commissioner filed an Answer and Transcript of Proceedings before the Social Security

Administration, Plaintiff filed her Brief on the Merits on November 26, 2012. (Doc. Nos. 11, 12, 15.) The Commissioner filed a Brief on the Merits, to which Plaintiff replied. (Doc. Nos. 16, 18.)

On March 5, 2013, this Court issued a Memorandum Opinion & Order and Judgment Entry reversing the final decision of the Commissioner and remanding for further proceedings. (Doc. No. 19.) Thereafter, on May 31, 2013, Plaintiff filed a timely Motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 21.) On June 13, 2013, the parties filed a Joint Stipulation to an award to Plaintiff in the amount of $5,000.00. (Doc. No. 23.) On June 14, 2013, the Court issued an Order granting Plaintiff $5,000.00 in attorney fees pursuant to the EAJA consistent with the parties' Joint Stipulation. (Doc. No. 24.)

Upon remand, the Social Security Administration ("SSA") determined Plaintiff was disabled as of January 2009. (Doc. No. 25-2.) In a letter to Plaintiff dated June 22, 2015, the SSA notified her of her award of benefits and explained as follows: "When a lawyer wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $19,624.50 from your past due benefits in case we need to pay your lawyer." (Doc. No. 25-2 at 2-3.) In addition, in a separate letter to Plaintiff's Counsel dated May 15, 2016, the SSA stated that: "We are withholding the amount of $9,897.75 which represents *the balance of 25 percent of the past-due benefits* for Catherine J. Woodruff and family, in anticipation of an authorized attorney's fee."[1] (Doc. No. 25-3)(emphasis added). [2]

---

[1] This letter then states as follows: "We previously paid you, $19,533.50 ($19,624.50 minus a user fee of $91.00) under section 206(A) of the Social Security Act, as amended, for your services before the administration. We are writing at this time to determine

Plaintiff's Counsel now moves for an award of attorney fees in the amount of $9,987.75 pursuant to § 406(b)(1) and based on his contingency fee agreement with Plaintiff. (Doc. No. 25.) Counsel attaches the following to the motion: (1) an August 4, 2010 contingent fee agreement between Plaintiff and Counsel (Exhibit 1); (2) the June 22, 2015 letter to Plaintiff from the Social Security Administration ("SSA"), notifying her of her award of benefits (Exhibit 2); (3) the May 15, 2016 letter to Counsel from the SSA regarding the withholding of funds from Plaintiff's past due benefits for the payment of attorney fees (Exhibit 3); (4) Counsel's time records (Exhibit 4); and (5) Counsel's resume (Exhibit 5.) (Doc. Nos. 25-1 through 25-5.)

Pursuant to Order issued by this Court on August 9, 2016, Counsel served Plaintiff with a copy of the motion for attorney fees on August 11, 2016. (Doc. Nos. 26, 27.) The Court's Order provided Plaintiff an opportunity to file written objections to the motion. (Doc. No. 26.) Plaintiff did not file objections. The Commissioner does not oppose an award or oppose the amount of the fees requested. (Doc. No. 31.)

## II. Law

A social-security attorney representing a plaintiff under a contingency-fee agreement can receive attorney fees in two ways under 42 U.S.C. § 406. The first is by earning fees in connection with proceedings before the Social Security Administration ("SSA"). *See* 42 U.S.C.

---

whether you have petitioned the United States District Court for the Northern District of Ohio for a fee for your services before the court." (Doc. No. 25-3.)

[2] In reviewing Motions for Attorney Fees under § 406(b), the Court does not generally see two separate past due award notices that are aggregated together for a total past due award calculation. However, both Plaintiff herself and the Commissioner were provided the opportunity to object to Plaintiff's counsel's motion and neither raised an objection.

3

406(a)(1). The second is by earning fees during judicial proceedings. *See* 42 U.S.C. 406(b)(1). With regard to work performed in federal court, Section 406(b)(1)(A) provides for the payment of an attorney's contingency fee from an award of benefits, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may...certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the Commissioner." *Pendland v. Comm'r of Soc. Sec.*, 2011 WL 4891025 at * 1 (S.D.Ohio Sept. 21, 2011) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)). "The Court may award fees only for work performed before the Court and not before the Social Security Administration." *Id.* (citing *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir.1994) (*en banc*)).

### III. Analysis

Here, Counsel states the SSA withheld a total of $29,522.25 of Plaintiff's past due benefits "in case we need to pay your lawyer." (Doc. No. 25-2.) Counsel calculates this figure based on the two letters discussed above, which are attached to Counsel's Motion as Exhibits 2 and 3. Specifically, based on the June 22, 2015 letter (Exhibit 2), Counsel asserts the SSA withheld $19,624.50 from Plaintiff's past due benefits for payment for services before the administrative agency. Based on the May 15, 2016 letter (Exhibit 3), Counsel states the SSA also withheld the amount of $9,897.75, which represents "the balance of 25 percent of the past-

4

due benefits" for Plaintiff and her family "in anticipation of an authorized attorney's fee" relating to services performed in federal court. Combining these two figures ($19,624.50 and $9,897.75) results in a total withholding of $29,522.25. Pursuant to §406(b), the withheld amount should represent approximately 25% of the claimant's past due benefits. Thus, Counsel asserts the total past due benefits awarded to Plaintiff is $118,089.00 (i.e., $29,522.25 multiplied by four). Neither Plaintiff nor the Commissioner object to Counsel's calculations in this regard.

As noted above, "[w]hile the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under [§ 406(a) and] § 406(b) for work performed before the administrative agency and for work performed in the federal court." *Karadsheh v. Comm'r of Soc. Sec.*, 2011 WL 5041366 at * 2 (W.D. Mich. Sept. 26, 2011). Here, Counsel (Kirk Roose) represents that he performed a total of 27.50 hours of work before this Court on behalf of Plaintiff. (Doc. No. 25-4.) Counsel requests $9,897.50 in attorney fees to be paid from the amount withheld from Plaintiff's past due benefits, which constitutes approximately eight (8) percent of her total past due benefits award.[3] Further, given the total number of hours worked, the fee award sought translates into a hypothetical hourly rate of

---

[3] As Counsel notes, if this Court awards $9,897.75 as requested, the total attorney fee awarded from Plaintiff's past due benefits by both the SSA and the Court will equal $29,522.25 (i.e., $19,624.50 plus $9,897.75), which is equal to 25% of Plaintiff's past due benefits award. In any event, "[i]n the Sixth Circuit, an attorney who represents the claimant before the Commissioner and in court may separately receive fees for both representations, meaning the attorney may receive total fees exceeding twenty-five percent of the claimant's benefit award." *Booth v. Comm'r of Soc. Sec.*, 645 Fed. Appx. 455, 457 (6th Cir. 2016) (citing *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262-263 (6th Cir. 1994)(*en banc*)). *See also Ratliff v. Comm'r of Soc. Sec.*, 2013 WL 633606 at * 2 (N.D. Ohio Feb. 20, 2013).

approximately $360.00.[4] (Doc. No. 25 at 3.) The Commissioner does not object to an award of $9,897.75 so long as the previous EAJA award of $5,000 in attorney fees is remitted to Plaintiff. (Doc. No. 31.)

The Court notes Plaintiff executed a Social Security Fee and Expense Agreement on August 4, 2010, which provides as follows:

> **FEES**: If I win, even partially, for their services at the agency level I will pay Roose & Ressler, A Legal Professional Association ("R&R), the lesser of twenty-five percent (25%) of the past-due benefits awarded to my family and me, or $6,000 (as adjusted in any increase in the maximum allowable fee under the fee agreement process that the agency or legislation may adopt). If I do not win at all, I will pay no fee.
>
> **FEE INCREASES**: I understand that R&R has the right under the regulations to request administrative review to increase the amount of the fee set under the preceding paragraph of this agreement if the fee set is not enough to compensate R&R adequately for services rendered.
>
> **FEES SET BY COURT**: If my claim goes to federal court, for their services in the civil action I agree to pay my attorneys 25% of past-due benefits, reduced by any fees I pay for services in the agency proceedings. I consent to have my attorneys apply for fees in such a manner as to maximize the fee paid to them, even though it may eliminate or decrease a fee refund under the Equal Justice to Access Act to which I might have been entitled otherwise. I consent to have all EAJA fees paid to my attorneys.

(Doc. No. 25-1.) The validity and/or timing of this agreement is not challenged.

"When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties. However under the special circumstances of court authorization of fees in social security cases, a court is not bound to award recovery according to the stated agreement." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th

---

[4] The Court reached this figure by dividing the amount of the total award sought ($9,897.75) by the numbers of hours worked on Plaintiff's case (27.5).

Cir. 1989). This Court operates as an "independent check" on the reasonableness of such contingency arrangements. *Gisbrecht,* 535 U.S. at 807. There is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract *unless* 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).

Certainly, there is no indication of improper conduct herein and counsel was effective. As such, unless the amount requested constitutes a windfall, the Court will enforce the contingency agreement. As explained in the *Hayes* decision:

> We believe that, under *Rodriquez*, windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Hayes*, 923 F.2d at 422; *accord Bailey v. Comm'r of Soc. Sec.*, 2012 WL 641538 at * 1 (N.D. Ohio Feb. 28, 2012) ("In the Sixth Circuit, below a floor of double the normal rate, an award can never be a windfall.") Here, Counsel is seeking an award that translates into a hypothetical hourly rate of $360.00. Courts in this District have previously determined that an hourly rate of this approximate amount is an appropriate upper limit in awarding attorney fees pursuant to § 406(b). *See e.g., Hayes v. Colvin*, 2015 WL 4275506 at * 3 (N.D. Ohio July 14, 2015); *Lucky v. Colvin*, 2014 WL 3748930 at *3 (N.D. Ohio July 29, 2014): *Koprowski v. Comm'r of Soc. Sec.*, 2013 WL 29804 at * 2 (N.D. Ohio Jan. 2, 2013) ("Upon consideration of all that is known to the

Court about this area of the law, the geographic region in which it is practiced, and the individuals routinely engaged in its practice, the Court finds that a total reasonable hourly rate is $175, doubled under the windfall analysis to $350 per hour"); *Papaleo v. Colvin*, 2013 WL 3940794 at * 3 (N.D. Ohio July 30, 2013); *May v. Comm'r of Soc. Sec.*, 2013 WL 162293 (N.D. Ohio Jan. 14, 2013); *Brown v. Comm'r*, 2012 WL 6682112 at * 3 (N.D. Ohio Dec. 21, 2012); *Arnold v. Astrue*, 2011 WL 307969 at * 2 (N.D. Ohio Jan. 11, 2011).  Moreover, the 27.5 hours of work spent by Counsel on this case appear reasonable and fall within the average range for social security appeals.  *See e.g.*, *Ballatore v. Comm'r of Soc. Sec.,* 2015 WL 5830836 at * 10 (E.D. Mich. Aug. 5, 2015) (finding that 28.2 hours spent on the case in federal court fell "within the average for such work"); *Short v. Comm'r of Soc. Sec.*, 2015 WL 4465189 at *5 (S.D. Ohio July 21, 2015) (noting that social security expend 20 to 30 hours on average); *Castaneda v. Comm'r of Soc. Sec.*, 2013 WL 2285448 at *2 (E.D. Mich. May 23, 2013)(estimating the average hours spent to be between 25 and 35).  Accordingly, it is recommended that Counsel's request be approved.

       However, as acknowledged in Plaintiff's Counsel's Motion, counsel may not retain both the EAJA award and an award under § 406(b).  As the Supreme Court noted in *Gisbrecht*, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security Benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"  *Gisbrecht*, 535 U.S. at 796 (citations omitted).  In other words, "[i]n the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant."  *Tharp v. Comm'r of Soc. Sec.*, 2011 WL 3438431 at * 8 (S.D. Ohio, Aug. 5,

8

2011) (citing *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir.1989)).

Accordingly, while the Court finds Counsel's request for a contingency fee award in the amount of $9,897.75 is reasonable and appropriate, it is recommended that Counsel be directed to refund $5,000.00 (the amount previously awarded under the EAJA in this case) to Plaintiff.

## IV. Conclusion

For the reasons set forth above, it is recommended that Plaintiff's Counsel's request for attorney fees in the amount of $9,897.75 from Plaintiff's past due benefits be approved. It is further recommended that Plaintiff's Counsel be directed to refund $5,000 to Plaintiff, the amount previously awarded for attorney fees under the EAJA.

     *s/ Jonathan D. Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

Date: October 19, 2016

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**